**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3247-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PATRICK J. D'ALESANDRO,

     Defendant-Appellant.

_____

Submitted March 20, 2019 - Decided May 16, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 15-04-0759.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Deputy Executive Assistant Prosecutor, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Patrick J. D'Alesandro appeals from the denial of his petition for post-conviction relief (PCR), contending he established a prima facie case of ineffective assistance of counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

The gas station attendant defendant robbed at knife-point on Christmas Eve in 2014, memorized his license plate number and provided it to police, along with the exact make, model and year of the car. That information, along with a description of the robber, video from the gas station's surveillance camera and E-ZPass records from the transponder the prior owner left in the car when he sold it to defendant several months earlier, led police to him within two weeks. Following Miranda[1] warnings, defendant confessed.

Defendant was indicted on charges of first-degree robbery, N.J.S.A. 2C:15-1 and weapons offenses. His counsel negotiated an agreement with the prosecutor to recommend defendant be sentenced on the first-degree robbery charge within the second-degree range to an eight-year prison term, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, with dismissal of the weapons

---

[1]  Miranda v. Arizona, 384 U.S. 436 (1966).

A-3247-17T1

charges and defendant reserving the right to argue for a five-year NERA term. The sentencing judge imposed a six-year NERA term, noting defendant was thirty-nine years old facing his first Superior Court conviction, had a long history of drug and alcohol problems, had relapsed and was under the influence of both at the time of the offense, and that she received a letter from the jail commending defendant for participating in every therapeutic support program offered during the year he was confined awaiting trial.

Defendant did not appeal, but filed a timely petition for PCR, alleging his counsel was ineffective in failing to pursue motions to suppress the gas station attendant's identification evidence and defendant's confession. After hearing argument by assigned counsel, Judge Blaney issued a comprehensive written opinion denying the petition on the basis that defendant had failed to establish a prima facie claim for relief. State v. Preciose, 129 N.J. 451, 462-64 (1992).

Following a lengthy review of the facts and a discussion of the controlling law, the judge rejected defendant's claim his counsel was ineffective for failing to suppress the victim's out-of-court identification because the gas station attendant did not identify defendant in the photo array. Based on the victim's failure to identify defendant's photo, the judge noted it was "highly likely" either

the State would not have proffered it at trial or defendant would have used its inconclusiveness to his benefit had it been introduced.

As Judge Blaney observed, "[e]ither way, the failure to file a motion to suppress evidence that did not implicate [defendant] in the first place does not amount to ineffective assistance of counsel." Even assuming defendant was correct that the officer conducting the identification procedure attempted to influence the victim's choice, the judge again noted "it did not result in the victim identifying [defendant] as the perpetrator," and thus, defendant could not establish prejudice under the second prong of the Strickland[2] test.

Judge Blaney also rejected defendant's claim his counsel was ineffective for failure to move to suppress his confession based on counsel's assertion that detectives promised to bring defendant his medication "and would try to get a 'better deal' for him by talking to a judge." The judge noted "[n]o citation has been provided for this allegation and a scouring of the record reveals that nothing exists to support this contention." He found the absence of any statement by defendant that such conduct occurred, "signals that the claim is unworthy of relief." He accordingly rejected the claim as nothing more than a bald assertion unsupported by any certification attesting to the facts asserted.

---

[2] Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

A-3247-17T1

See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also State v. Jones, 219 N.J. 298, 311-12 (2014).

Defendant appeals, raising a single issue:

> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS PLEA COUNSEL WAS INEFFECTIVE IN FAILING TO PURSUE MOTIONS TO SUPPRESS EYEWITNESS IDENTIFICATION EVIDENCE AND DEFENDANT'S CONFESSION.

We reject those arguments as without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm the denial of defendant's petition substantially for the reasons set forth in Judge Blaney's August 22, 2017 cogent and well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION